UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LUCEIL R.,[1]                                          Case No. 3:22-cv-01787-MK

                          Plaintiff,              **OPINION AND**
                                                          **ORDER**

            v.

COMMISSIONER, Social Security
Administration,

                          Defendant.
———————————————————————

**KASUBHAI,** United States Magistrate Judge:

            Plaintiff Luceil R. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for disability

insurance benefits (DIB) under Title II of the Social Security Act (the "Act"). The Court has

jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties

consented to allow a Magistrate Judge to enter final order and judgment in this case in

_____

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

accordance with Fed. R. of Civ. P. 73 and 28 U.S.C. § 636(c). ECF No. 6. For the reasons

explained below, this case is REVERSED and REMANDED for an immediate payment of

benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB on December 12, 2018, alleging disability as of

April 15, 2015.[2] Tr. 15, 59. Plaintiff later amended the alleged onset of her disability to the

filling date of December 12, 2018. Tr. 15, 37. Her application was denied initially and upon

reconsideration. Tr. 15, 68, 89. Plaintiff requested a hearing before an Administrative Law Judge

("ALJ") and a hearing was held on September 14, 2021. Tr. 31-58. On November 3, 2021, the

ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 15-27.

The Appeals Council denied Plaintiff's request for review on September 13, 2022. Tr. 1-6. This

appeal followed.

## FACTUAL BACKGROUND

Born in 1997, Plaintiff was 21 years old on her alleged onset date. Tr. 26, 59. She has no

relevant past work experience but receives some ad revenue from streams of her musical

compositions. Tr. 29, 41. Plaintiff alleged disability due to generalized anxiety disorder, major

depression, borderline personality disorder, and fibromyalgia. Tr. 60, 72.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal

standards and the findings are supported by substantial evidence in the record. *Hammock v.*

*Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 13-1.

means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see Burch v.

Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's

decision where the evidence is susceptible to more than one rational interpretation"). "[A]

reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007) (quotation omitted).

      The initial burden of proof rests upon the claimant to establish disability. *Howard v.

Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

      The Commissioner has established a five-step process for determining whether a person

is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First,

the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if

so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). At step two,

the Commissioner determines whether the claimant has a "medically severe impairment or

combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). A severe

impairment is one "which significantly limits [the claimant's] physical or mental ability to do

basic work activities[.]" 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations her impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. § 404.1520(e)-(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the amended alleged onset date of December 12, 2018. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia, obesity, depression, [and] anxiety." *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the

severity of a listed impairment. Tr. 18-19. The ALJ then assessed Plaintiff's RFC and found

Plaintiff was capable of performing light work with the following limitations:

> [S]he can lift and/or carry 10 pounds frequently and 20 pounds
> occasionally; stand and/or walk 4 hours in an 8-hour workday; sit 6
> hours in an 8-hour workday; with no climbing of ladders, ropes, or
> scaffolds; no work around hazards such as unprotected heights or
> dangerous machinery. She is able to remember, understand, and
> carry out routine, repetitive tasks or instructions that can be learned
> within a period of 30 days or by demonstration, consistent with
> occupations of SVP 1 or 2; perform work that requires only simple,
> work related decisions, with few, if any workplace changes; no
> public interaction; can work in proximity to co-workers but no tasks
> that require teamwork.

Tr. 19-20.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 26. At step five,

considering Plaintiff's age, education, and RFC, the ALJ found that a significant number of jobs

existed in the national economy which Plaintiff could perform despite her limitations, including

office helper, mail room clerk, and hand packager-inspector. Tr. 26-27. The ALJ therefore

concluded that Plaintiff was not disabled. Tr. 27.

## DISCUSSION

Plaintiff argues that the ALJ erred in (1) failing to identify specific, clear, and convincing

reasons for rejecting Plaintiff's subjective symptom testimony; and (2) by rejecting her treating

provider's opinion. Plaintiff asks the Court to remand for "immediate payment of benefits, or in

the alternative, for further proceedings" because the ALJ committed harmful error. Pl.'s Br. 15,

ECF No. 16.

### I.    Subjective Symptom Testimony

Plaintiff first argues that the ALJ rejected her symptom testimony for reasons that were

neither clear nor convincing. *Id.* at 5. When a claimant has medically documented impairments

Page 5 — OPINION AND ORDER

that could reasonably be expected to produce some degree of the symptoms complained of, and

the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's

testimony about the severity of . . . symptoms only by offering specific, clear and convincing

reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation

omitted). A general assertion that the claimant is not credible is insufficient; instead, the ALJ

must "state which . . . testimony is not credible and what evidence suggests the complaints are

not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must

be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily

discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal

citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is

"supported by substantial evidence in the record, [the court] may not engage in second-

guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is

not an examination of an individual's character," and requires that the ALJ consider all the

evidence in an individual's record when evaluating the intensity and persistence of symptoms.

SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The ALJ must examine "the entire case

record, including the objective medical evidence; an individual's statements about the intensity,

persistence, and limiting effects of symptoms; statements and other information provided by

medical sources and other persons; and any other relevant evidence in the individual's case

record." *Id*. at *4.

During the administrative hearing, Plaintiff testified that she would have difficulty

working because she requires frequent breaks throughout the eight-hour workday due to pain. Tr.

48. She can only write music for one or two hours before needing a break of at least 30 minutes.

*Id.* She testified that she can only work for three or four hours a day before stopping. *Id.* at 49. Plaintiff testified that she has weekly panic attacks, which increased to multiple times a week when she left her home regularly to attend school. *Id.* at 50-51. Her anxiety, alongside "the exhaustion from [her] pain [and] concentration issues," and depression, made her unable to complete a college degree. *Id.* at 49. Additionally, Plaintiff testified she has five to seven depressive episodes a month, where she can "hardly function" and is "unable to move much." *Id.* at 51-52. Additionally, Plaintiff testified she has difficulty communicating, thinking clearly, and speaking due to her mental health symptoms. *Id.*

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that while Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." *Id.* at 21. The Commissioner asserts that the ALJ properly rejected Plaintiff's subjective symptom testimony for two reasons: (1) the testimony was inconsistent with the objective medical evidence; and (2) the testimony contradicted her reported activities. Def.'s Br. 3-5, ECF No. 20.

First, the Commissioner asserts the medical evidence did not support Plaintiff's claimed limitations and therefore the ALJ was justified in his rejection of her testimony. *Id.* In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at [their] hearing do not comport with objective medical evidence in [their] medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, an ALJ may not cherry-pick isolated instances of improvement when the record as a whole reflects longstanding disability. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *see Garrison v. Colvin*, 759

F.3d 995, 1017 (9th Cir. 2014). Moreover, a lack of objective evidence may not be the sole basis

for rejecting a claimant's subjective complaints. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment,

an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective

medical evidence to fully corroborate the alleged severity of pain.") (internal quotation marks

and brackets omitted).

Regarding Plaintiff's mental impairments, the ALJ relied on the following provider's

opinions: Anna L. Gelok, PA-C, Morgan Bowden, PA-C, Karen Woodson, NP, Lori Russell,

LCSW, Lisa Bevans, LPC, Deidre Davis, LCSW, Kirsten Lynn Wieland, LCSW, Joseph

Resendiz, DO, and Skip L. Shewell, LPC. Tr. 22, 218, 225, 273-96, 303-21, 326-7, 357, 371,

390. In the visits cited by the ALJ, the medical providers found, *inter alia*, that the Plaintiff

exhibited normal mood, calm and relaxed appearance, normal speech, cooperation, good eye

contact, and intact grooming and hygiene. *See* Def.'s Br. at 3-4 (citing Tr. 23). Plaintiff's

testimony that her depressive episodes and panic attacks are episodic, however, are entirely

consistent with her occasional presentation with normal speech and mood. Tr. 50-52. Here, other

than summarizing the medical evidence, the ALJ fails to articulate how the treatment providers'

observations cited above contradict Plaintiff's subjective complaints and therefore falls short of

the requisite clear-and-convincing standard. *Smolen*, 80 F.3d at 1284 ("The ALJ must state

specifically which symptom testimony is not credible and what facts in the record lead to that

conclusion.") (citation omitted); *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014)

(rejecting an ALJ's reliance of the claimant's "good eye contact, organized and logical thought

content, and focused attention" because "[t]hese observations of cognitive functioning during

therapy sessions [did] not contradict [the claimant's] reported symptoms of depression and social

anxiety"); *see also Garrison v. Colvin* 759 F.3d 995, 1017 (9th Cir. 2014) (rejecting ALJ's reliance on "while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment."). As such, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony relating to her mental impairments.

As a second reason for rejecting Plaintiff's testimony, the ALJ found that Plaintiff's "ability to do light household chores does not suggest additional exertional limitations." Tr. 23. Activities of daily living can form the basis of an ALJ's rejection of a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

Here, the ALJ noted that Plaintiff "made simple meals (sandwiches and frozen food) twice a day and was able to vacuum and do dishes." Tr. 23 (citations omitted). The Ninth Circuit has instructed that a modest level of activity is not sufficient to reject subjective complaints. *Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled") (quoting *Fair*, 885 F.2d at 603). The ALJ's discussion of Plaintiff's household chores failed to explain "what symptom

testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see Dodrill*, 12 F.3d at 918. As this Court has explained, "an ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *Shirley C. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-cv-01212-MK, 2021 WL 3008265, at *6 (D. Or. July 15, 2021). Other than summarizing Plaintiff's activities, the ALJ did not explain how the listed household chores undermined Plaintiff's subjective symptom testimony about exertional limitations; the ALJ merely concluded that these activities were inconsistent with Plaintiff's allegations. Tr. 28. This was error.

In sum, the ALJ erred in rejecting Plaintiff's subjective symptom testimony because he failed to provide specific, clear, and convincing reasons as to why her testimony contradicted, or was undermined by, the objective medical record and her activities of daily living. Because the ALJ committed harmful error, remand is appropriate, and the Court need not consider Plaintiff's second assignment of error.

## II.    Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *E.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be

required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, the first requisite is met because the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). The Court finds that the record here has been fully developed no material conflicts and ambiguities exist.

As to the third requisite, crediting the discredited evidence as true, the ALJ would be required to find Plaintiff disabled on remand. Plaintiff testified that she is unable to work for more than one or two hours before requiring a break of 30 minutes or an hour. Tr. 48-49. She further testified that she would need to miss work regularly due to her depression and pain. Tr. 51-52. At the hearing, the vocational expert testified that such a hypothetical employee would be unable to sustain gainful employment. Tr. 56-57. As such, when the improperly rejected evidence is credited as true, the ALJ would be compelled to find Plaintiff disabled. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) (remanding for an immediate payment of benefits after crediting improperly rejected evidence as true, combined with VE testimony, established disability).

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard and the improperly discredited evidence is credited as true, remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the

claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020-21 (citations omitted). Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020-21 (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (quoting *Garrison*, 759 F.3d at 1021). The Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

## CONCLUSION

This case is REVERSED and REMANDED for immediate payment of benefits consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 7th day of February 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge